People v Clark (2020 NY Slip Op 04977)





People v Clark


2020 NY Slip Op 04977


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-07946

[*1]People of State of New York, respondent,
v
Richenel Clark, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated April 18, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Snyder, 175 AD3d 1331, 1332).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. The defendant's score on the Static-99R risk assessment instrument does not, by itself, constitute a mitigating factor justifying a downward departure from the presumptive risk level (see People v Santos, 174 AD3d 658, 659; People v Curry, 158 AD3d 52, 54). The other alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or were not proven by a preponderance of the evidence (see People v Gillotti, 23 NY3d at 861; People v Santos, 174 AD3d at 659; People v Wallason, 169 AD3d 728, 729; People v Brown, 161 AD3d 1201, 1201-1202).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from the presumptive risk level and designating him a level three sex offender.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court